## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE  DIVISION

THOMAS CLUNAN SR.,                                                          PETITIONER

V.                                                                          NO. 4:06CV46-M-B

MDOC, ET AL,                                                                RESPONDENTS

### O P I N I O N

      This cause comes before the court on the petition of Thomas Clunan, Sr for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner states that he was convicted November 19, 1997,

contrary to his plea of not guilty, in the Circuit Court of Carroll County, Mississippi, of burglary.

He was sentenced as a habitual offender to serve 25 years.

      The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110

Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

corpus procedure in several different ways.  Before the AEDPA there was no specific statute of

limitations provision.  The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall
> run from the latest of
> > (A) the date on which the judgment became
> > final by the conclusion of direct review
> > or the expiration of the time for seeking
> > such review;
> > (B) the date on which the impediment to
> > filing an application created by State
> > action in violation of the Constitution
> > or laws of the United States is removed,
> > if the applicant was prevented from filing
> > such State action;
> > (C) the date on which the constitutional
> > right asserted was initially recognized by
> > the Supreme Court, if the right has been
> > newly recognized by the Supreme Court and
> > made retroactively applicable to cases on
> > collateral review; or

Dockets.Justia.com

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

Clunan appealed his conviction to the Mississippi Court of Appeals, which on February 23, 1999, affirmed the conviction and sentence. Petitioner did not file for discretionary review in state court by filing a petition for rehearing in the Court of Appeals as provided for in Mississippi Rule of Appellate Procedure 40. By failing to seek the first step of discretionary review, petitioner "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari or to seek review in the United States Supreme Court by way of a petition for writ of certiorari . *See Roberts v. Cockrell*, 319 F.3d 690, 693 fn. 14 (5th Cir. 2003). Accordingly, petitioner's conviction became final, and the statute of limitations for federal habeas corpus relief began to run, when the time for seeking further direct review in the state court expired, *i.e.* 14 days after his conviction was affirmed on direct appeal. *See* Mississippi Rule of Appellate Procedure 40(a), which allows 14 days to file a petition for rehearing

in state court after a conviction is affirmed on direct appeal. Hence, the conviction became final on March 9, 1999 (February 23, 1999, plus 14 days). Unless petitioner filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before March 9, 1999, to toll the period of limitation, any habeas corpus petition challenging the convictions would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The Mississippi state court records indicate that no "properly filed" post-conviction motions challenging the conviction or sentence were filed by petitioner on or before March 9, 1999.[1] Accordingly, the tolling portion of § 2244(d)(2) is not applicable in this case.

The petition was filed in this court on March 20, 2006, approximately six years after the filing deadline of March 9, 2000. Petitioner cites no "rare and exceptional" circumstances to warrant equitable tolling.[2] Consequently, the petition must be dismissed with prejudice as untimely filed. A final judgment in accordance with this opinion will be entered.

THIS the 22nd day of March, 2006.

  /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner on some unspecified date filed a motion for post-conviction relief in the Mississippi Supreme Court. The Supreme Court denied the motion on November 16, 2005, stating that it was not filed within the three-year statute of limitation period and petitioner did not meet any exceptions to the procedural bar. Since the motion was filed later than three years after the date the findings and sentence was affirmed, it was clearly filed long after the deadline for filing a federal habeas. Therefore, it did not bring the tolling provisions of 2244(d) into play.

[2] There is no showing whatsoever that petitioner was actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, at 513-14 (5th Cir. 1999).